# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN PHILLIPS and
MARKUS JOHNSON,

        Plaintiffs,

v.                                    Civil Action No. 1:07cv102
                                    (Judge Keeley)

JOE D. DRIVER, CAPT. L. ODDO,
LT. ANTONELLIE, and D. GREENWALT,

        Defendants.

## ORDER GRANTING PLAINTIFFS MOTION TO AMEND
## AND DENYING MOTION FOR COUNSEL

This civil rights action was initiated on July 31, 2007. In the complaint, the plaintiffs[1] allege that the defendants failed in their duty to protect the plaintiffs and violated the plaintiffs' rights under the Eighth Amendment of the United States Constitution. This case is before the Court on the plaintiffs' Motion to Amend and Motion for Appointment of Counsel

**A.   Motion to Amend**

In their motion to amend, the plaintiffs request permission to amend exhibit one to the complaint by adding an additional document, a copy of which is attached to the motion.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . ." A review of the file in this case shows that a responsive pleading has not yet been served.

---

[1] It should be noted that simultaneous to this Order, the undersigned has issued a Report and Recommendation in which it is recommended that plaintiff Johnson be dismissed from this action.

Accordingly, the plaintiffs' Motion to Amend (dckt. 9) is **GRANTED**. The document attached to the motion will remain as filed and will be considered by the Court.

## B. Motion to Appoint Counsel

In support of their request for counsel, the plaintiffs assert that the appointment of counsel is necessary to investigate their claims because plaintiff Johnson has been transferred to a Bureau of Prisons facility in Coleman, Florida. In addition, the plaintiffs assert that they do not have the legal education or experience necessary to conduct discovery. The plaintiffs further assert that counsel will more likely expose the truth that the merits of their claims are colorable. Finally, the plaintiffs assert that this case is complex and the denial of counsel would result in fundamental unfairness.

In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent[2] only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the plaintiffs have failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Accordingly, the plaintiffs' request for counsel (dckt. 10) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiff.

---

[2] Also simultaneous to this Order, the undersigned has issued an Order granting plaintiff Phillips permission to proceed as a pauper.

DATED:  November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE