## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN A. PHILLIPS
and MARKUS D. JOHNSON,

      Plaintiffs,

v.                                                      Civil Action No. 1:07cv102
                                                          (Judge Keeley)

JOE D. DRIVER, CAPTAIN L. ODDO,
LT. ANTONELLIE and D. GREENWALT,

      Defendants.

## OPINION/REPORT AND RECOMMENDATION

On July 31, 2007, the *pro se* plaintiffs, filed this civil rights action against the above-named defendants pursuant to the Federal Tort Claims Act (FTCA) and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). At the same time, plaintiff Phillips filed a Motion to Proceed Without Prepayment of Fees. Plaintiff Phillips subsequently filed an executed Consent to Collections of Fees form and a Prisoner Trust Account Report. However, plaintiff Johnson has neither paid the required filing fee nor filed a motion to proceed *in forma pauperis* ("IFP").

The Prison Litigation Reform Act (PLRA) does not address the question of whether multiple plaintiffs can proceed IFP in a single case. Nonetheless, the Sixth and Seventh Circuits have found that the filing fee may be apportioned between multiple-plaintiffs. <u>See</u> <u>Boriboune v. Berge</u>, 391 F.3d 852, 854-56 (7th Cir. 2004); <u>see</u> <u>also</u> <u>In re Prison Litigation Reform Act</u>, 105 F.3d 1131 (6th Cir. 1997). However, the United States Court of Appeals for the Eleventh Circuit has held just the opposite. <u>See</u> <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002).

In an Administrative Order by the then Chief Judge, the Sixth Circuit stated:

> The statute [28 U.S.C. § 1915] does not specify how fees are to be assessed when multiple prisoners constitute the plaintiffs or appellants. Because each prisoner chose to join in the prosecution of the case, each prisoner should be proportionally liable for any fees and costs that may be assessed. Thus, any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners. This procedure also will permit easier accounting for the district courts and prison officials.

In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-1138.

Similarly, while specifically examining the issue of whether multiple prisoner plaintiffs can proceed together IFP in the same action, the Seventh Circuit concluded that multiple-plaintiffs may proceed IFP together in the same action under the permissive joinder rule of Fed.R.Civ.P. 20. Boriboune, 391 F.3d at 856.

On the other hand, the Eleventh Circuit, addressing the same issue, has concluded:

> the PLRA clearly and unambiguously requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This court has repeatedly stated that "[w]e begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." Harris v. Garner, 216 F.3d 970, 972 (11th Cir.2000)(en banc). Moreover, the Congressional purpose in promulgating the PLRA enforces an interpretation that each prisoner pay the full filing fee. See 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively.").
>
> * * *
>
> Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance. Similarly, §1915(b)(1) explicitly encompasses appellate filing fees,

> requiring each prisoner to pay the full amount of the appellate filing fee. The district court, therefore, correctly deemed the joint notice of appeal as a singular notice of appeal and properly assessed the appellate filing fee against appellant-Hubbard alone. With regard to both the initial filing fee and the appellate filing fee, the district court properly applied the clear language of the PLRA to require that each prisoner pay the full amount of the filing fees. For the foregoing reasons, we affirm the judgment of the district court.

Hubbard v. Haley, 262 F.3d at 1197-98.

After reviewing the decisions of the Sixth, Seventh and Eleventh Circuits, the undersigned is of the opinion that the Eleventh Circuit presents the stronger argument and concludes that multi-prisoner plaintiffs cannot proceed IFP together in a single action. Moreover, the undersigned agrees that where each plaintiff signs the complaint and files his or her own IFP motion, it is appropriate to split the case into separate actions. In this case, however, the only plaintiff to sign the complaint and file an IFP motion was plaintiff Phillips.

Thus, for the foregoing reasons, it is **RECOMMENDED** that multiple-prisoner plaintiffs not be permitted to proceed IFP together in a single action. Further, it is **RECOMMENDED** that the instant case not be split into separate actions, but instead, that plaintiff Johnson simply be **DISMISSED from this action without prejudice** to his right to re-file his claim in a separate action.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiffs by certified mail, return receipt requested, to their last known addresses as shown on the docket.

DATED: November 29, 2007.

/s *John S. Kaull*
 JOHN S. KAULL
 UNITED STATES MAGISTRATE JUDGE