IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN PHILLIPS, et al.,

    Plaintiffs,

v.                                                   Civil Action No. 1:07cv102
                                                   (Judge Keeley)

JOE D. DRIVER, CAPT. L. ODDO,
LT. ANTONELLIE AND D. GREENWALT,

    Defendants.

## OPINION/REPORT AND RECOMMENDATION

On July 31, 2007, the *pro se* plaintiffs attempted to file a civil rights complaint against the above-named defendants *in forma pauperis* ("IFP"). However, on November 29, 2007, the undersigned found that multiple prisoner plaintiffs could not proceed IFP together in a civil action under the Prison Litigation Reform Act ("PLRA"). Thus, the undersigned recommended dismissal of plaintiff Markus Johnson. That recommendation was adopted on May 7, 2008, and plaintiff Johnson was dismissed.

On April 28, 2009, the undersigned undertook a preliminary review of the file and determined that it appeared the plaintiff had not exhausted his administrative remedies prior to filing suit. Accordingly, the defendants were directed to file an answer limited to the exhaustion issue.

On April 29, 2009, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, which seeks the dismissal of this case for the failure to exhaust. Because the plaintiff proceeds *pro se* in this action, the Court issued a Roseboro Notice on July 1, 2009. The plaintiff filed a response to the defendant's motion on July 20, 2009, and this case is ripe for review.

## Contentions of the Parties

**The Complaint**

In the complaint, the plaintiff seeks relief against that the defendants for alleged violations of his rights pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). Specifically, the plaintiff asserts that he was assaulted with a deadly weapon by five other inmates on December 11, 2006. After the assault, the plaintiff was taken to the medical unit with multiple stab wounds. While at the medical unit, the plaintiff received "sutras (sic), stitches and butterfly compressors."

An investigation into the incident by Lt. Antonellie revealed that the plaintiff was stabbed with weapons made from a metal tray top from the food service hot bar. The plaintiff asserts that the Food Services Administrator, D. Greenawalt, was negligent in supervising and monitoring inmates by allowing a metal tray top to be smuggled out of the food service kitchen. The plaintiff further asserts that the corridor and unit officers were negligent for allowing the inmates to pass through a metal detector with the metal tray top.

The plaintiff next complains that although he could have died from the attack, no disciplinary action was taken against the inmates, and that Lt. Antonellie and Capt. Oddo, released them back into the general population to "instill further corruption and violence on the institution." The plaintiff asserts that such conduct is a failure on the part of Warden Joe Driver to provide a safe environment.

As relief, the plaintiff seeks monetary, injunctive and declaratory relief against the defendants for the violation of his rights. The plaintiff also seeks damages for personal injury, emotional distress and loss of property.

### The Defendants' Motion to Dismiss or for Summary Judgment

In their motion, the defendants seek the dismissal of the complaint for the failure to exhaust administrative remedies. Specifically, the defendants assert that although the plaintiff attempted to exhaust his administrative remedies with respect to the issue of smuggling trays out of food service undetected, those remedies were rejected as untimely. As to his other claims, the defendants assert that the plaintiff has never filed any administrative remedies. Thus, the defendants request that the complaint be dismissed.

### The Plaintiff's Response to the Defendants' Motion

In his response, the plaintiff asserts that he sent memorandums to Warden Driver, the Bureau of Prisons ("BOP") Regional Office and the head of the BOP concerning the assault. Thus, the plaintiff asserts that he did exhaust his administrative remedies.

### Standard of Review

#### Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet the "plausibility" standard adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to survive dismissal for failure to state a claim. *Id.*

**Motion for Summary Judgment**

Under the Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## Analysis

Under the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under § 1983, is subject to the exhaust of

5

administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741 n. 6.

**Plaintiffs' Bivens Claims**

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process starts by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at that level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at USP-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93-94 (2006) (the PLRA requires *full* and *proper* exhaustion).

In this case, the plaintiff provides the Court with copies of memorandums he sent to Lt. Antonellie, Capt. Oddo, Warden Driver, the Regional Director and the National Inmate Appeals Administrator. Those remedies were all rejected as untimely or improperly filed. The plaintiff does

---

[1] Porter at 524.

not provide evidence that he filed his claims on the appropriate grievance forms, or in the proper manner, satisfying all of the agency's requirements for exhaustion. Woodford, 548 U.S. at 103 (full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system).[2] In this case, the plaintiff has clearly not followed the appropriate steps for exhausting his administrative remedies, *i.e.*, filing his requests on the proper forms or in a timely manner. Thus, the plaintiff has failed to properly exhaust his Bivens claims and those claims should be dismissed. *Id.* at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

**Plaintiffs' Tort Claim**

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action *shall not* be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . . employment, unless the claimant *shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section. (Emphasis added).

In this case, the plaintiff does not provide any evidence that he filed a Claim for Damage, Injury or Death with the BOP. Thus, the plaintiff has not exhausted his administrative tort remedies.

---

[2] In Woodford, the Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Woodford, 548 U.S. 84-85. Therefore, "full and proper exhaustion" is required Id. at 93-94.

**<u>Recommendation</u>**

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 31) be **GRANTED** and the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, and party may file written objections with the Clerk of Court. The written objections shall identify those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 13, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE