IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHAWN A. PHILLIPS,**

    **Plaintiff,**

**v.          //      CIVIL ACTION NO. 1:07cv102**
                                **(Judge Keeley)**

**JOE DRIVER, CAPTAIN L. ODDO,**
**LT. ANTONELLIE and D. GREENWALT,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 49], GRANTING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 31], AND DISMISSING PLAINTIFF'S COMPLAINT [DKT. NO. 1] WITHOUT PREJUDICE**

On July 30, 2007, the pro se plaintiffs, Shawn A. Phillips ("Phillips") and Markus D. Johnson ("Johnson"), filed a civil rights action seeking relief pursuant to the Federal Tort Claim Act, 28 U.S.C. §§ 2671, *et. seq.,* ("FTCA"), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). By an order entered on May 7, 2008, the Court dismissed Johnson as a party to the case.

On June 29, 2009, the defendants filed a Motion to Dismiss, or in the Alternative for Summary Judgment (dkt no. 31), to which Phillips responded on July 20, 2009. On August 14, 2009, United States Magistrate Judge John S. Kaull filed an Opinion/Report ("R&R") and Recommendation in which he recommended that the defendants' motion be granted and the complaint be dismissed without prejudice for failure to exhaust administrative remedies.

On August 24, 2009, Phillips timely filed objections to the R&R. Thus, the Court is bound to review the R&R of the magistrate

<u>de</u> <u>novo</u> regarding those findings specifically objected to by Phillips. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003)

For the reasons that follow, the Court **ADOPTS** the R&R with the exceptions noted below, **GRANTS** the Motion to Dismiss, or in the Alternative for Summary Judgment, and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

**I. COMPLAINT**

Phillips alleges that, while in the custody of the Bureau of Prisons ("BOP") and incarcerated at United States Penetentiary Hazelton ("USP Hazelton" or "Hazelton"), he and fellow inmate Johnson were attacked by five other inmates armed with a make-shift knife crafted from a cafeteria tray lid. He further alleges that the defendants were negligent because they failed to prevent and respond to the incident.

Specifically, Phillips argues that defendant Greenawalt, a Food Services Administrator, negligently allowed the metal tray lid to be removed from a kitchen; that unit officers were negligent in allowing the lid to pass undetected into the living area; and that no disciplinary action was taken against the alleged assailants, nor were measures taken to protect Phillips and Johnson from further violence. These failures, Phillips argues, constituted a violation of the BOP's duty to provide for his safety and welfare, as well as a violation of his rights under the Eighth Amendment.

2

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

Phillips seeks injunctive, declaratory and monetary relief, against the individual defendants under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and against the United States under the Federal Tort Claims Act ("FTCA").

## II. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The defendants argue that Phillips failed to exhaust his administrative remedies, as is required to proceed with suit under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). In response, Phillips provides documentation of several memoranda he sent to certain defendants and other BOP personnel. BOP officials responded to these communications by denying them as untimely.

Phillips thrice submitted his administrative remedy form; twice on April 10, 2007, and again on May 29, 2007. Pursuant to BOP regulations, officials at the facility level rejected the complaint all three times because it was not filed within 20 days of the incident (dkt. nos. 3-14, 3-15 and 3-16). Phillips did not file proper appeals to either the Regional Office or Central Office of the BOP, as instructed by BOP grievance procedures, but instead submitted numerous handwritten memoranda to various officials within the BOP.

Phillips attempted to institute proceedings under the Federal Tort Claims Act, but did not at any time complete a Standard Form

95, Claim for Damage, Injury or Death with the BOP. Instead, he sent handwritten claims to the BOP Office of Regional Counsel on March 22, 2007, and June 13, 2007 (dkt. no. 8). This correspondence stated the same facts alleged in the complaint, and contained demands for a sum certain, as required by 28 C.F.R. § 14.2.

The magistrate judge found that the failure to file both the administrative remedies and the FTCA claim on proper forms constituted a failure to exhaust administrative remedies. In his objection to the R&R, Phillips argues that he did, in fact, exhaust his administrative remedies, because he submitted memoranda outlining his claims to the defendants and other BOP officials. He argues that his failure to submit the required claims forms is excusable due to his confinement in the Special Housing Unit ("SHU") at USP Hazelton, in which he presumably was unable to obtain the proper documents.

Under Woodford v. Ngo, 548 U.S. 81 (2006), a prisoner's complaint must be dismissed under the PRLA unless he has fully complied with the deadlines and procedures established by the BOP for resolution of complaints. Clearly, Phillips did not comply with the 20-day deadline for filing his complaint about the alleged assault. Nor does he provide any justification for this delay. Thus, the Court need not determine whether Phillips should be excused from other procedural requirements (specifically, the use of BOP forms) due to his restrictive environment in the SHU. The

4

failure to timely file his administrative remedy is sufficient to establish that Phillips failed to exhaust his administrative remedies as to his action under Bivens.

Similarly, even if the Court considers Phillips to have properly submitted his FTCA claims to the BOP,[1] he offers no evidence that the claim was denied by the United States. Nor, at the time Phillips filed suit, had the requisite six months elapsed without a response from the Government so as to constitute constructive denial of the claim under 28 U.S.C. § 2675(a).[2] Thus, Phillips is barred from bringing suit under the FTCA.

### III. CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R, except that it need not find, and thus does not decide, that Phillips failed to exhaust his administrative remedies based on the filing of memoranda in lieu of BOP forms. Additionally, the Court declines

---

[1] Under 28 C.F.R. § 14.2, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." Arguably, Phillips's filings with the BOP (dkt. nos. 8-1 and 8-2) fulfilled this requirement, though the Court need not decide this issue.

[2] The correspondence Phillips sent to the BOP Regional Counsel is dated March 22, 2007, and May 7, 2007. The Complaint was filed July 31, 2007.

to decide whether Phillips's non-standard FTCA demands were adequate. The Court **GRANTS** the Motion to Dismiss, or in the Alternative for Summary Judgment (dkt. no. 31), and **DISMISSES** the Complaint without prejudice for failure to exhaust administrative remedies.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order. The Court further directs the Clerk to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested, to counsel of record and to all appropriate agencies.

Dated: December 16, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE